UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GREEN,

        Plaintiff,

                                        CASE NO. 09-CV-11994
v.                                      HONORABLE VICTORIA A. ROBERTS

ARTURO AVILES, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING SERVICE UPON DEFENDANTS AVILES AND CITCHEN

I.

Before the Court is Plaintiff David Green's *pro se* civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Narcotics Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is considered the federal counterpart to an action brought pursuant to 42 U.S.C. § 1983. *See Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). Plaintiff is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). He has been granted leave to proceed without prepayment of the filing fee for this action.

In his complaint, Plaintiff alleges that employees at FCI Milan have violated his constitutional rights by harassing him and retaliating against him for giving a grievance letter to the Director of the Bureau of Prisons. Plaintiff names Warden Christopher Zych, Unit Manager Arturo Aviles, Unit Manager Steven Citchen, Case Managers Robin Wilson and Craig Henly, and Unit Secretary Haynes as the defendants in this action and sues them in their official and

1

individual capacities.  He seeks monetary damages and injunctive relief.  Having reviewed the matter, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and orders that the remainder of the complaint be served upon defendants Aviles and Citchen.

## II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to partial summary dismissal.

## III.

As an initial matter, the Court finds that Plaintiff's claims against defendants Wilson, Henly and Haynes must be dismissed because Plaintiff has failed to alleged any facts demonstrating their involvement in the events giving rise to his complaint.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim

under 42 U.S.C. § 1983 or *Bivens*. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (liability for a civil rights complaint cannot be based upon a theory of respondeat superior); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Wilson, Henly, and Haynes. He has failed to allege any facts indicating that those defendants had any personal or direct involvement in any harassment, retaliation, or other unconstitutional conduct. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff's claims against defendants Wilson, Henly, and Haynes must therefore be dismissed.

Plaintiff's complaint against defendant Zych must also be dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges, at best, that defendant Zych verbally harassed and threatened him. It is well-established, however, that allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983 or *Bivens*. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). Verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *See Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004). Similarly, verbal threats made in retaliation for filing grievances are not actionable. *See Carney v. Craven*, 40 Fed. Appx. 48, 50 (6th Cir. 2002). While the Court does not condone the alleged conduct complained of, it nonetheless concludes that Plaintiff's allegations of verbal harassment and threats by defendant Zych (or any other defendant or prison employee) do not state a claim under *Bivens* and must be dismissed. Furthermore, any claim that defendant Zych failed to properly supervise a prison employee, should be vicariously liable for

an employee's conduct, or did not respond to the situation is insufficient to state a claim under *Bivens*. *See Monell, supra*.

Lastly, Plaintiff alleges that defendants Aviles and Citchen searched his cell, confiscated or destroyed his property, filed false incident reports, and conspired against him in retaliation for his conduct in giving a grievance letter to the Director of the Bureau of Prisons. Having reviewed the complaint and given the liberal pleading standard for pro se actions, the Court finds that Plaintiff's retaliation claims against defendants Aviles and Citchen are not subject to dismissal at this time.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under *Bivens* as to defendants Wilson, Henly, Haynes, and Zych. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint against those individuals pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that Plaintiff's retaliation claims against defendants Aviles and Citchen are not subject to summary dismissal. Accordingly, the Court **ORDERS** that the complaint, as it pertains to defendants Aviles and Citchen, and a copy of this order be served upon those two defendants by the United States Marshal without prepayment of costs. Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 3, 2009

4

> The undersigned certifies that a copy of this document was served on the attorneys of record and David Green by electronic means or U.S. Mail on June 3, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk