UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GREEN,

        Plaintiff,                                    Case No. 09-11994

v.                                                 Hon. Victoria A. Roberts

ARTURO AVILES, et al,

        Defendants.

_____/

**<u>ORDER DENYING MOTION TO ADD TO COMPLAINT</u>**

**I.      INTRODUCTION**

      This matter is before the Court on Plaintiff's Motion to Add to Complaint [Doc. 6],

filed June 10, 2009.  The Court **DENIES** the Motion.

**II.     BACKGROUND**

      Plaintiff is a federal prisoner currently confined at the Federal Correctional

Institution in Milan, Michigan ("FCI Milan").  Plaintiff filed a *pro se* civil rights complaint,

pursuant to *Bivens v. Six Unknown Named Narcotics Agents of the Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), against Warden Christopher Zych, Unit Managers

Arturo Aviles and Steven Citchen, Case Managers Robin Wilson and Craig Henly, and

Unit Secretary Haynes.

      On June 3, 2009, this Court issued an Opinion and Order of Partial Summary

Dismissal and Directing Service upon Defendants Aviles and Citchen. See *Doc. 3.*  The

Court dismissed Plaintiff's Complaint with prejudice as to Defendants Wilson, Henly,

1

Haynes and Zych; the matter remains pending with respect to Aviles and Citchen.

On June 10, 2009, Plaintiff filed this "Motion to Add to Complaint," seeking leave to amend his Complaint to add the United States of America ("United States") as a Defendant because it is the employer of Aviles and Citchen.

## III.   ANALYSIS

In general, leave to amend the plaintiff's complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While this is a liberal standard the district court need not grant the plaintiff leave to amend his complaint if amending the complaint would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) (dictum).

Attached as Exhibit A to Plaintiff's Motion is a copy of a Letter from the United States Department of Justice acknowledging receipt of Plaintiff's Administrative Claim for Damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 et seq., Claim Number TRT-NCR-2009-03802 in the amount of $2,000, and a list of property allegedly taken.  The Letter states that the claim was received on April 27, 2009 and that the Government's response is not due until October 24, 2009. See *Doc. 6, p. 3.*  Accordingly, the Court construes Plaintiff's Motion as one for leave to add a claim against the United States under the FTCA.

The FTCA is the exclusive means for a plaintiff to sue the United States in tort.  It provides a limited waiver of the federal government's sovereign immunity for claims against the United States in those instances where federal employees have committed negligent or wrongful acts within the scope of their employment; that limited waiver extends only to circumstances where the United States, if a private person, would be

2

liable to the claimant in accordance with the law of the place where the act or omission

occurred. 28 U.S.C.S. § 1346 (b)(1).

Individual federal officers are immune from suit on common-law torts under the

provision in the FTCA which makes suit against the United States the exclusive remedy

for such claims. *Rivera v. United States*, 928 F.2d 592, 608-09 (2nd Cir. 1991). The

FTCA provides that when a federal employee is sued in tort, the United States Attorney

for that district must certify whether the employee was acting within the scope of his

office or employment at the time of the allegedly tortious act. 28 U.S.C. § 2679(d)(1); 28

C.F.R. § 15.4. If the United States Attorney certifies that the employee acted within the

scope of his office or employment, then (1) the United States is substituted as the party

defendant, and (2) the plaintiff may sue the United States only in accordance with the

FTCA. 28 U.S.C. § 2679(d)(1); *Osborn v. Haley,* 549 U.S. 225, 229-230; 127 S. Ct. 881,

887-888; 166 L. Ed. 2d 819, 830 (2007). Any state law tort claims "shall be deemed an

action against the United States," and this is Plaintiff's exclusive remedy. 28 U.S.C. §

2679(a), (d)(1) and (4).

The FTCA, contains a jurisdictional prerequisite that a prospective plaintiff

present a written claim for a sum certain describing the incident to the appropriate

agency prior to filing suit. 28 U.S.C. § 2675 (2000); 28 C.F.R. § 14.2 (2004). This

requirement of exhaustion of administrative tort remedies is an absolute prerequisite to

federal district court jurisdiction, and it is neither capable of being waived nor subject to

estoppel. *McNeil v. United States*, 508 U.S. 106, 107, 113, 113 S. Ct. 1980, 124 L. Ed.

2d 21 (1993) (applying rule of "strict adherence" to *pro se* prisoner who instituted his

complaint prior to exhausting administrative tort remedies under the FTCA).

3

Exhibit A to Plaintiff's Motion indicates that the Government has until October 24, 2009 to respond to Plaintiff's administrative claim. Thus, Plaintiff has not exhausted his administrative remedies; his administrative claim has not been finally denied by the appropriate federal agency. Plaintiff's motion to amend his Complaint to include a tort claim against the United States would be futile due to the Court's lack of subject matter jurisdiction.

## IV.    CONCLUSION

The Court **DENIES** Plaintiff's Motion to Add to Complaint. Plaintiff may seek leave to amend the Complaint to add a FTCA claim once he exhausts his administrative remedies.

**IT IS ORDERED**.

                                                        s/Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated:  June 23, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and David Green by electronic means or U.S. Mail on June 23, 2009. <br><br> s/Linda Vertriest <br> Deputy Clerk |

4