UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GREEN,

    Plaintiff,

vs                                      Case No: 09-11994
                                         Honorable Victoria A. Roberts

ARTURO AVILES and
STEVEN CITCHEN,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. #13). Defendants ask the Court to dismiss David Green's Complaint for failure to exhaust his administrative remedies.

The Court **GRANTS** Defendants' motion.

**II.    BACKGROUND**

Green says Arturo Aviles confiscated his property, and Defendants conspired to have him placed in segregation because he filed a grievance against the staff at the Milan Correctional Institution for harassment, intimidation, and threatening conduct.

Green filed a Complaint on May 26, 2009 alleging Defendants violated his civil rights and his freedom of speech.

1

**III.    ANALYSIS**

The exhaustion provision of the Prison Litigation Reform Act ("PLRA") says, "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  A prisoner must comply with a system's critical procedural rules to "properly exhaust" a claim.  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  This requirement was clarified in *Jones v. Bock*, 549 U.S. 199 (2007):

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to "properly exhaust."  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218.  Because Michigan Department of Corrections' Policy Directive 03.02.130 did not require a prisoner to "name all defendants" when filing grievances, the *Jones* Court held this was not necessary to comply with the exhaustion provision.  *Id.*

The Federal Bureau of Prisons has an Administrative Remedy Program that requires inmates to present an issue of concern informally to staff.  If informal resolution is unsuccessful, the inmate must submit a formal written Administrative Remedy Request.  If the inmate is not satisfied with the response to his Request, he may submit a Regional Administrative Remedy Appeal to the Regional Director.  If the inmate is not satisfied with the response from the Regional Director, he may appeal to the Office of General Counsel.

On May 7, 2009, Green filed an Administrative Remedy Request alleging Defendants wrote two false reports.  Green's Request was denied on May 20, 2009.  He

appealed on May 21, 2009. On June 22, 2009, the Regional Director said Green's claim was forwarded to the appropriate entity for review, and Green could appeal to the Office of General Counsel. Green's appeal was received at the Office of General Counsel on July 9, 2009, but it was rejected because Green submitted more than one continuation page and did not submit the correct number of copies. There is no evidence that Green re-submitted his appeal.

Green filed another Administrative Remedy Request on May 15, 2009 alleging Aviles violated his civil rights. Green's Request was denied on June 3, 2009. His appeal was denied on June 25, 2009; there is no evidence that Green appealed to the Office of General Counsel.

Green's claims against Defendants are dismissed; he did not exhaust all administrative remedies available under the Administrative Remedy Program before filing a Complaint on May 26, 2009. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

### IV.   CONCLUSION

The Court **GRANTS** Defendants' motion; Green's Complaint is **DISMISSED WITHOUT PREJUDICE**.


**IT IS ORDERED.**


s/Victoria A. Roberts

3

Victoria A. Roberts
United States District Judge

Dated:  December 3, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and David Green by electronic means or U.S. Mail on December 3, 2009.

s/Linda Vertriest
Deputy Clerk

---

4